IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 NOV 29 P 4: 03

Karen Strickland, )
    Plaintiff, )    Case No. 2:09-cv-1882-RMG
)
v. )    **ORDER**
)
Berkeley County School District )
    Defendant. )
_____ )

In the above action, Plaintiff Karen Strickland alleges that she was subjected to a highly-charged, sexually oriented environment while employed by Defendant Berkeley County School District as a cafeteria worker. Plaintiff alleges she was constructively discharged as a result.

## Background

Before the Court is Defendant Berkeley County School District's motion for summary judgment. (Dkt. No. 16). Plaintiff opposed the motion arguing that multiple factual disputes exist as to whether she was subjected to a hostile work environment resulting in her constructive discharge. (Dkt. No. 20). Defendant filed a reply. (Dkt. No. 24). Following the completion of the summary judgment briefing, the United States Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for summary judgment should be granted. (Dkt. No. 33). Plaintiff objected to the R&R. (Dkt. No. 37). For the reasons stated herein, this Court declines to adopt the Magistrate Judge's recommendation.

## Analysis

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather

to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. V. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir. 1990).

Here, based on the evidence before the Court, taken in a light most favorable to the Plaintiff, the Court finds there are genuine issues of material fact regarding whether the Plaintiff's work environment was infused with conduct of a sexual nature that was "severe and pervasive", whether the employer know or should have known of the Plaintiff's allegedly sexually hostile work environment and whether the employer's remedial action once on notice of the allegedly sexually hostile work environment was reasonable, prompt and adequate. *Spicer v. Com. of Va. Department of Corrections*, 66 F. 3d 705, 710 (4th Cir. 1995); *Katz v. Dole*, 709 F. 2d 251, 256 (4th Cir. 1983).

## Conclusion

Accordingly, Defendant's motion for summary judgment is **denied**. (Dkt. No. 16). The parties are hereby notified that this matter will be tried on or after March 8, 2011. The Court will issue a separate order regarding the remaining schedule in this case.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 29, 2010
Charleston, South Carolina